In re Peter Charles HAWLEY and Lorraine Pearl Hawley, Debtors.

Stanley NORMAN, Appellee/Plaintiff,

v.

Peter Charles HAWLEY and Lorraine Pearl Hawley, Appellants/Defendants.

Civ. A. No. 86–M–1638.
Bankruptcy No. 85 B 180 G.
Adv. No. 85 G 0245.

United States District Court,
D. Colorado.

Sept. 23, 1986.

John Randolph Torbet, Colorado Springs, Colo., for appellee/plaintiff.

John Turner, Colorado Springs, Colo., for appellants/defendants.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

This is an appeal from an order of a bankruptcy judge denying discharge of a debt owed by Charles * and Lorraine Hawley, who filed for bankruptcy in January 1985. In May 1985, Stanley Norman filed a complaint contending that the debt was nondischargeable under 11 U.S.C. 523 (1982). The decisional process would not be significantly aided by oral argument. B.R. 8012.

The debt to Norman arose from the sale of his automotive repair business to the Hawleys. As part of the sale, the Hawleys executed a promissory note in the amount of $25,575.00, payable to Norman. To secure the note, the Hawleys signed a security agreement giving Norman a security interest in the equipment and inventory of the business. As additional security on the note, the Hawleys were to give Norman a second deed of trust on their house.

At a trial on the issue of dischargeability, Norman introduced evidence that between the time the Hawleys purchased the business and the date they filed for bankruptcy, they sold, traded, or lost much of the collateral that was listed in the security agreement. In addition, prior to executing the deed of trust in Norman's favor, the Hawleys gave another deed of trust on their house. As a result, Norman did not hold the "second" deed of trust. The bankruptcy judge held that the debt owing to Norman was nondischargeable under 11 U.S.C. 523(a)(6) (1982), which provides that "(a) A discharge under ... this title does not discharge an individual debtor from any debt— ... (6) for willful and malicious injury by the debtor to another or to the property of another entity." The Hawleys then brought this appeal, asserting that the bankruptcy judge applied an incorrect test in determining that the debt owed to Norman was nondischargeable.

■ The Tenth Circuit Court of Appeals has held that "§ 523(a)(6) requires proof of an intent to injure before a debt can be held to be nondischargeable under that provision of the Code." *In re Compos*, 768 F.2d 1155, 1159 (10th Cir.1985) (analyzing legislative history). It is not enough to except a debt from discharge merely because an intentional act causes injury. *In re Compos*, 768 F.2d at 1158. The debtor must intend to injure.

■ The bankruptcy judge did not make any finding that the Hawleys intended to injure Norman by either selling collateral in violation of the security agreement or by executing a deed of trust prior to the execution of the deed of trust with Norman. In the absence of a finding that the Hawleys intended to injure Norman, the order that the debt is not dischargeable under 11 U.S.C. 523(a)(6) is a clear error of law.

Accordingly, it is

ORDERED that the order of the bankruptcy judge is reversed.

---

* Although the pleadings are captioned "Peter Charles Hawley," the appellant testified that his name is Charles Peter Hawley.